UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

WILLIE H. WILLIAMS and
JULIO SANDOVAL
on behalf of themselves and all
others similarly situated,

                          Plaintiffs,

v.

CARGILL MEAT SOLUTIONS CORP.,
a Foreign Corporation ,

                          Defendant.

CASE NO. 09-CV-1006

**PLAINTIFF'S REPLY BRIEF IN
SUPPORT OF THEIR MOTION FOR
CONDITIONAL CERTIFICATION**

1

# Table of Contents

I.  CONDITIONAL CERTIFICATION IS APPROPRIATE AND NECESSARY IN THIS MATTER. ................................................................................................................. 3

   A.  A "Factual Nexus" Connecting The Plaintiffs With The Putative Class Is The Proper Standard; Not A Single Policy Applied To Everyone The Same Way. .................................... 3

   B.  Individual Defenses Do Not Defeat Conditional Certification; Nor Are CMSC's Alleged Individualized Defenses Actually Individualized. ................................................... 7

      1.  Individual defenses are appropriate at the second stage, not the first. ............................ 8

      2.  Many cases which CMSC cite to in reliance of its individualized defenses argument are not procedurally in the same posture as the matter presently before the Court. ..................... 9

      3.  CMSC's individualized defenses are not individualized, but are applicable to entire groups of employees. ................................................................................................ 9

   C.  The Scope of Plaintiffs' Collective Class is Not Overbroad. ........................................... 11

   D.  Judicial Efficiency Is Accomplished When This Matter Is Conditionally Certified ......... 12

II. PLAINTIFF'S PROPOSED NOTICE IS PROPER. .......................................................... 13

   A.  Legal Standard For Content of Notice. .............................................................................. 13

   B.  A Statement About Consequences is Not Appropriate and Will Do Nothing But Chill Participation. ............................................................................................................................ 14

   C.  A Statement That An Individual Can Opt-in With Their Own Counsel Is Not Necessary And Will Do Nothing But Bog Down The Proceedings. ......................................................... 14

   D.  Posted Notice in CMSC's Plant Is Necessary To Ensure Each Employee is Aware of Their Rights. ............................................................................................................................. 15

   E.  An Opt-in Period of At Least 60 Days Is Necessary. ....................................................... 15

   F.  Telephone Numbers and Social Security Numbers Are Necessary. ................................. 15

# INTRODUCTION

In its opposition to Plaintiffs' motion for conditional certification, CMSC argues that Plaintiffs' claims under the Fair Labor Standards Act ("FLSA") should not proceed collectively. If CMSC had its way, it would require this Court to preside piecemeal over twenty-six (26) separate cases of the Named and Opt-in Plaintiffs, in addition to any other additional claims that may be filed – cases in which the underlying facts and legal arguments would be same. CMSC's approach ignores the remedial purpose of the FLSA's conditional certification process and it would greatly tax this Court's resources.

Although CMSC provides an affidavit in support of its opposition to Plaintiffs' motion for conditional certification, this single affidavit fails to establish that CMSC pays its employees for the time they spend donning and doffing certain pieces of PPE and other pre and post shift activities.

# ARGUMENT

## I. CONDITIONAL CERTIFICATION IS APPROPRIATE AND NECESSARY IN THIS MATTER.

### A. A "Factual Nexus" Connecting The Plaintiffs With The Putative Class Is The Proper Standard; Not A Single Policy Applied To Everyone The Same Way.

CMSC agrees with Plaintiffs that the two-step certification process followed by most courts, including the Eastern District of Wisconsin, is appropriate in this matter. *See DeKeyser v. Thyssenkrupp Waupaca, Inc.*, 2008 U.S. Dist. LEXIS 102318 (E.D. Wis. Dec. 17, 2008); *Adair v. Wis. Bell, Inc.*, 2008 U.S. Dist. LEXIS 68942 (E.D. Wis. Sept. 11, 2008). At this first stage, there need only be "some factual nexus that connects [the plaintiffs] to other potential plaintiffs as victims of an unlawful practice." *Sjoblom v. Charter Communs., LLC*, 2007 U.S. Dist. LEXIS 93879, *27 (W.D. Wis. Dec. 19, 2007); *Austin v. CUNA Mutual Ins. Soc'y*, 232

3

Case 2:09-cv-01006-LA   Filed 05/12/10   Page 3 of 16   Document 51

F.R.D. 601, 605-606 (W.D. Wis. 2006). That nexus in this case is that the employees were not paid for all the time they spent donning and doffing PPE along with performing various other pre- and post-shift work during the three year period from the date the complaint was filed.

CMSC argues that conditional certification is not appropriate where the allegations are contested. CMSC cites to *Salazar v. Agriprocessors, Inc.*, 2008 U.S. Dist. LEXIS 40363 (N.D. Iowa Mar. 17, 2008) for the proposition that "[c]ontested allegations are insufficient to satisfy the minimal evidentiary burden for conditional certification." However, CMSC's citation to *Salazar* misconstrues the district court's holding in that case. In *Salazar*, the plaintiffs relied upon only the complaint and the answer as support for plaintiff's motion for conditional certification – no declarations were provided. *Id*. at \*19. In that context, the court stated that the contested allegations of the complaint were insufficient to meet that plaintiff's burden. Here, Plaintiffs have provided the Court with numerous declarations providing the factual support of the nexus between them and the putative collective action members.

CMSC also cites to *Adair v. Wis. Bell, Inc.*, 2008 U.S. Dist. LEXIS 68942 (E.D. Wis. Sept. 11, 2008) for the proposition that where CMSC contests the allegations made by plaintiffs and the opt-ins, conditional certification is inappropriate. However, *Adair* does not stand for that proposition. In *Adair*, the plaintiffs claimed that Wisconsin Bell utilized a phone system to keep track of their hours worked which plaintiffs claimed did not capture all the hours. In responsive papers, Wisconsin Bell provided "unequivocal evidence that it does not calculate its employees wages based on the time they are logged onto the phone system." *Id*. at \*12. *Adair* does not stand for the proposition that CMSC can defeat conditional certification by simply contesting the allegations made by Plaintiffs in their complaint and the declarations supporting their motion. If

4

that were the case, no FLSA action would be certified as collective action because defendants presumably always contest the allegations made by plaintiffs in their declarations.

Further differentiating this matter from *Adair* is the fact that CMSC fails to provide the unequivocal evidence that it did pay all its employees for all the time they spent donning and doffing PPE for the entire period at issue. Rather, CMSC admits that its Harvest and Fabrication employees wear PPE and are currently paid for six (6) minutes of the time it takes to don and doff that PPE. 13. (Def. Ex. 1, ¶ 13, Dkt. 50-1.) However, this does not even cover the ten (10) to twenty (20) minutes it takes these employees just to don these items. (Romero Decl. ¶ 14; Santiago Decl. ¶ 14; Soto Decl. ¶ 14; Alvarez Decl. ¶ 14; Avitia Decl. ¶ 14; Olguin Decl. ¶ 14; Thomas Decl. ¶ 14; Flores L. Decl. ¶ 14; Flores M. Decl. ¶ 14; Garcia Decl. ¶ 14.)[1] Additionally, this practice of paying employees for six minutes did not begin until April, 2009. (Amended Compl. ¶ 21; Dkt. 17.) Likewise, CMSC admits that many of its other employees don and doff PPE, but CMSC does not state that these employees are paid for the time it takes them to do so. (Def. Ex. 1, ¶¶ 16-22, Dkt. 50-1.)

Rather than meet the heightened burden not provided for in the case law which CMSC urges, Plaintiffs must simply make a modest factual showing that they and the potential class members were victims of a common policy or plan that violated the law. *Sharpe v. APAC Customer Servs.*, 2010 U.S. Dist. LEXIS 1671 *12 (W.D. Wis. Jan. 8, 2010).

### A. Plaintiffs Have Made the Required "Modest Factual Showing" Using Admissible Evidence.

In this matter, the factual nexus is that Plaintiffs and the putative class members all wear personal protective equipment ("PPE"); but are not paid for the time it takes to don and doff said PPE and to perform other pre- and post-shift tasks. CMSC's decision to not pay Plaintiffs and

---
[1] These declarations span Dkt. 35-43.

the putative class members for this time, and a later decision to partially pay for this time, regardless if it is accomplished through a modified gang time system or through some other means, is the nexus Plaintiffs have established in moving the Court for conditional certification.

Simply identifying differences between the potential class members will not defeat a motion for conditional certification. *Sharpe*, at *5-6 (the fact that the proposed class includes six different positions is irrelevant at this early stage). Plaintiff need not show that the positions are identical, only that they are similar. *See Allen v. Marshall Field & Co.*, 93 F.R.D. 438, 443 (N.D. Ill. 1982). Different supervisors and different work locations will not suggest that the employees are not similarly situated for purposes of conditional certification. *Church v. Consolidated Freightways, Inc.* 137 F.R.D. 294, 308 (N.D. Cal. 1991); *Allen*, 93 F.R.D. 442-43. Here the positions are similar in the aspect that matter – they are required to utilize PPE and are not paid to don and doff it.

CMSC's arguments are strikingly similar to those submitted to the court by defendant in *DeKeyser,* but were insufficient to defeat conditional certification in that matter. *See DeKeyser*, 2008 U.S. Dist. LEXIS 102318 at *8. The defendants in *DeKeyser* argued that there was no common illegal practice where the putative class members worked "in a wide variety of jobs, some of which do not require PPE… swip[ed] the electronic time clocks at different points before and after their shifts, come in such a way as to be on 'on the clock' while they don and doff whatever PPE they wear" and that there were "differences in the treatment of breaks for employees." *Id*. Like the plaintiff in *DeKeyser*, Plaintiffs have presented to the Court declarations about observing other employees perform work (donning and doffing) prior to punching in and after punching out.

6

As the court in *DeKeyser* explained, the differences in the positions held and CMSC's treatment of those positions "could later, on a defense motion for decertification, result in a smaller class." *Id*. at *13. Because discovery has not taken place in this matter, "[t]he exact nature and scope of these different positions are unknown at this point." *Id*. (internal quotation omitted). Therefore, "now is not the time for the court to determine if the potential class is perfectly uniform; rather, it need only determine if the plaintiffs made a modest factual showing sufficient to show they were subjected to the same policy denying them overtime wages." *Id*. (internal citation and quotation omitted). Plaintiffs have presented sufficient evidence that they have been subjected to CMSC's policy of not fully compensating them for the time they spend working – donning and doffing certain pieces of PPE and performing other pre- and post-shift activities.

The alleged violation of the FLSA at issue in this case is whether CMSC has compensated and/or currently compensates its employees for *all* the time the employees spend donning and doffing certain pieces of PPE and performing other pre-shift and post-shift duties. The question for this Court is whether the declarations and the complaint provide it with a factual nexus connecting the named Plaintiffs and the putative class members – that is whether there has been a modest factual showing that CMSC does not pay its employees for donning and doffing.

> **B.     Individual Defenses Do Not Defeat Conditional Certification; Nor Are CMSC's Alleged Individualized Defenses Actually Individualized.**

CMSC attempts to argue that because there may be individualized defenses for each potential opt-in, a collective action should not be certified by the Court. CMSC argues that, because the following defenses may be in play, conditional certification is inappropriate:

- not all the employees wear the same type of gear;
- the employees' work conditions are different (i.e. paid vs. unpaid breaks);
- an unknown defense applicable to knife wielding employees;

7

- the *de minimis*/not work defense, conditional certification is not appropriate.

Despite CMSC's argument, many courts have held that individualized defenses are not a proper reason to defeat conditional certification at the first stage, the cases cited by CMSC are not on point, and the alleged individualized defenses are not individualized at all. Therefore, the individualized defenses argument fails to be persuasive.

### 1. Individual defenses are appropriate at the second stage, not the first.

CMSC's individualized defenses argument ignores the two-step certification process for FLSA collective actions and attempts to either skip straight to the second step of the analysis or collapse the two steps into one. Courts have repeatedly held that individualized defenses should be considered at the decertification stage – the second step. *White v. MPW Indus. Servs.*, 236 F.R.D. 363, 372 (E.D. Tenn. 2006) citing *Thiessen,* 267 F.3d at 1103. The Court in *White* discussed a number of cases which held that the first step in the two-step certification process is not the proper time for the court to consider the CMSC's individualized defenses.

> In *Aguayo v. Oldenkamp Trucking*[2], the employer argued that its defense under the Motor Carrier Act exemption precluded class certification because it would require a fact-specific inquiry into whether the exemption applied to each class member. The court rejected the CMSC's contention, explaining… [a]t the notice stage, all that is required is substantial allegations supported by declarations, and once the plaintiff has met that burden, the case may be conditionally certified as a collective action, regardless of what exemptions the CMSC wishes to assert at a later time. In addition, in *Gambo v. Lucent Technologies, Inc*[3]…[in] explaining its decision to allow notice to issue, the court stated, [p]erhaps the investigation and analysis required to determine whether particular opt-ins are similarly situated, so as to fairly proceed to judgment in a collective action, ultimately will prove to be sufficiently unwieldy or cumbersome that a collective action will not be

---

[2] 2005 U.S. Dist. LEXIS 22190 (E.D. Cal. Oct. 3, 2005).
[3] 2005 U.S. Dist. LEXIS 37998 (N.D. Ill. Dec. 22, 2005).

> appropriate in some or any form. But that does not, under relevant
> caselaw, mean that notice may not fairly issue under the more
> lenient step one FLSA analysis.

*White* at 373 (internal quotations omitted). *See also Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997); *Olivo v. GMAC Mortg. Corp.*, 374 F. Supp. 2d 545, 548 ( E.D. Mich. 2004). Individualized defenses are not at play as this matter is still at the first step.

### 2. Many cases which CMSC cite to in reliance of its individualized defenses argument are not procedurally in the same posture as the matter presently before the Court.

In support of their arguments, Defendant cites *Pacheco v. Boar's Head Provisions Co.*, 671 F. Supp. 2d 957 (W.D. Mich. 2009). However, in *Pacheco*, the court did not follow the two-stage conditional certification process as the court allowed the parties to engage in discovery on the certification issue prior to the plaintiff's motion for conditional certification. *Id*. at *6-7. Similarly, in *Lockhart v. Westinghouse Credit Corp.*, 879 F.2d 43 (3d Cir. Pa. 1989), a case brought under the ADEA which utilizes the FLSA opt-in procedure, the matter was not before the Court on a motion for conditional certification prior to discovery being taken, but rather after discovery had closed. Id. at 47. Likewise, *Bamonte v. City of Mesa*, 598 F.3d 1217 (9th Cir. Ariz. 2010) the matter was before the court on a motion for summary judgment, not a motion for first step conditional certification. The cases cited by CMSC simply do not support its argument that the Court should consider individualized defenses when determining is first stage conditional certification is appropriate in this matter.

### 3. CMSC's individualized defenses are not individualized, but are applicable to entire groups of employees.

As explained by the court in *Frank v. Gold'n Plump Poultry, Inc.*, 2007 U.S. Dist. LEXIS 71179, *12 (D. Minn. Sept. 24, 2007), an employer's defenses that the donning and doffing is

9

not work, that it is *de minimis*, that the gear is non-unique standard gear rather than mesh gear[4] are all "legal question[s] susceptible of class-wide resolution." *Id*. at *10-11.

CMSC's alleged individualized defenses are not individualized in the sense that they apply differently to each individual employee; rather, they would apply, if at all, to certain groups within the putative collective class. As was the case in *Frank*, CMSC "exaggerates the factual differences among employees on various shifts and in different departments." *Id*. at 12. Plaintiffs' claims must be considered at a higher level of abstraction than CMSC is arguing - "If one zooms in close enough on anything, differences will abound; even for a single employee doing a single job, the amount of time that she spends donning and doffing on Monday will differ, at least minutely, from the amount of time that she spends donning and doffing on Tuesday." *Id*.

The cases cited by CMSC for its proposition are differentiated in that in each of those cases, the legal issue before the court was one which required an inquiry into each separate individual employee's job duties. *Reich v. Homier Distrib. Co.*, 362 F. Supp. 2d 1009 (N.D. Ind. 2005) (in a misclassification case, to determine if the employees were exempt, the court would have to make individual inquiries into how often and how long each employee performed certain tasks); *Holt v. Rite Aid Corp.*, 333 F. Supp. 2d 1265 (M.D. Ala. 2004) (same); *Purdham v. Fairfax County Pub. Schs*, 629 F. Supp. 2d 544 (E.D. Va. 2009) (where the court would have to look at the specific amount of compensation received by each individual to determine if that individual was an employee or a volunteer and the amount receive varied between each

---

[4] Although some Courts have differentiated between donning and doffing unique (mesh) and non-unique items, it is not a closed issue that the time necessary to don and doff non-unique PPE including smocks, hairnets, beard nets, gloves, earplugs is or is not compensable time. *See In re Tyson Foods, Inc.*, 2010 U.S. Dist. LEXIS 24314 (M.D. Ga. Mar. 16, 2010) (denying the summary judgment argument that donning these items is not considered work as doing so is for the benefit of the employer – Tyson "does not want hair in its chicken fingers").

individual).  Such an inquiry is not necessary for this Court to make.  Whether the time each putative class member spends donning and doffing is work as defined by the FLSA, is *de minimis*, if the employees received a paid or unpaid lunch break, or the unarticulated knife wielding defense, are not questions that require an analysis of each individual's separate work conditions.  Rather, they are questions of law, applicable to entire groups as explained in *Frank*, and therefore collective treatment is very appropriate.  *Frank*, 2007 U.S. Dist. LEXIS 71179, at *12.

Moreover, where there are variations within the collective class, similar to the ones alleged by CMSC, they could best be remedied by utilizing sub-groups.  *See Kasten v. St.-Gobain Performance Plastics Corp.*, 556 F. Supp. 2d 941 (W.D. Wis. 2008).  At the end of discovery, when CMSC moves for decertification (the second step), it may become evident that the putative class members claims naturally fall into subgroups based upon whether they receive an unpaid lunch, they wear certain pieces of PPE, if they received an unpaid break or not.

The relevant case law clearly holds that the CMSC's possible individualized defenses are not to be considered during the first step conditional certification process and all that is needed at this early stage is the "modest factual showing" that Plaintiffs are similarly situated to the class that they seek to represent.  CMSC's argument that conditional certification be denied based on individualized defenses simply cannot be sustained at this stage of the proceedings.  If, after discovery, it appears that sub-groups are necessary, the parties or the Court can develop them based on the facts obtained in discovery.  At this early stage, the evidence has not been developed for such a determination to be made.

### C.   The Scope of Plaintiffs' Collective Class is Not Overbroad.

It is more efficient to prune class members at a later stage than to restrict the size of the class at the beginning and then expand later.  *Herrera v. Unified Management Corp.*, 2000 U.S.

11

Dist. Lexis 12406, 2000 WL 1220973, at *2 (N.D. Ill. August 18, 2000). Moreover, doing so allows employees the opportunity to opt-into the matter now, rather than later. As the statute of limitations on each individuals claim continues to run until each individual affirmatively opts-into the case, their claim may be extinguished before they are event notified of their right to join an action. Without proper notice, the individuals may not know that their rights under the FLSA have been violated until it is too late.

Furthermore, CMSC's sole affidavit in this matter does not support the conclusion that the class must be narrowed. In Section E of the affidavit, CMSC differentiates between employees who wear mesh clothing and those who do not. However, as explained in footnote 4 above, this is not a closed legal issue and donning/doffing non-unique PPE is arguably compensable work. CMSC has not said that each of the positions listed in ¶¶ 19-22 of the affidavit are paid for the time they spend donning and doffing the specific pieces of PPE – a hard hat, hair net, ear plugs, boots, and safety glasses. There is only one group – sanitation employees – which CMSC allegedly pays for donning and doffing certain non-unique equipment; however, CMSC does not define non-unique equipment. Without further discovery, what and when these individuals don and doff and whether they are paid for it is unknown. Therefore, the Court should conditionally certify these production and support employees who utilize PPE.

### D. Judicial Efficiency Is Accomplished When This Matter Is Conditionally Certified

Should the Court determine that this matter is not appropriate for conditional certification; twenty-six individuals who have opted into this matter will have to file separate legal actions in the Eastern District of Wisconsin. At the heart of each claim would be the allegation that each individual was not paid for the time they spent donning and doffing certain pieces of equipment and performing other tasks at the beginning and end of each shift and at the

beginning and end of each unpaid break. The testimony in each individual case would be the same as will be in this matter and the same policies of CMSC will be involved. The Supreme Court has held, "the judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." *Hoffmann-La Roche*, 493 U.S. at 170. Also, hearing all of these matters together will help avoid inconsistent judgments, which will be to the benefit of both parties as well as the Court. In the instant case, judicial efficiency will be accomplished through conditional certification.

As explained above, CMSC fails to provide to the Court a reason that this case should be split up into twenty-six (26) plus separate cases and tried individually. There is a factual nexus connecting the Plaintiffs and each employee who is not paid by CMSC for the time they spend donning and doffing PPE. Conditional certification is appropriate.

## II. PLAINTIFF'S PROPOSED NOTICE IS PROPER.

### A. Legal Standard For Content of Notice.

The court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way including ensuring that employees receive accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate. *Hoffmann-La Roche*, 493 U.S. at 170-71. The Court's goal is judicial neutrality in the language to avoid any appearance that the court is endorsing the merits of the action. *See Woods v. New York Life Ins. Co*., 686 F.2d 578, 581 (7th Cir. 2004). Finally, notice should contain a neutral description of the action and <u>should not either encourage or discourage participation</u>. *Austin v. CUNA Mutual Ins. Soc'y*, 232 F.R.D. 601, 607-08 (W.D. Wis. 2006).

13

### B. A Statement About Consequences is Not Appropriate and Will Do Nothing But Chill Participation.

CMSC feels that there is an inequity between the length of Plaintiffs explanation of the allegations and the statement that CMSC denies Plaintiffs' allegations. However, a lengthier explanation as to Plaintiffs' allegations is necessary so that potential collective action members can determine if they are within the potential class. Further, CMSC's proposed additional language does not provide a potential opt-in with any additional information. In *Austin*, the court explained that simply stating that the defendant "denies that it violated the Fair Labor Standards Act" was sufficient. *Austin*, 232 F.R.D. at 608. Any additional statement would be redundant and would provide no additional information – its purpose would then be to chill participation.

CMSC would like to disclose the potential "consequences" of opting into the action – participating in depositions or having to pay costs. These potential "consequences" serve no other purpose than to attempt to discourage participation in the action which is inappropriate. Furthermore, the notice does not require a statement informing potential plaintiffs of potential liability for CMSC's costs if CMSC prevailed. *Austin*, 232 F.R.D. at 608 (the statute is silent with respect to fee shifting for prevailing defendants and because the warning would chill participation in collective actions). CMSC proposed language is unnecessary and inappropriate.

### C. A Statement That An Individual Can Opt-in With Their Own Counsel Is Not Necessary And Will Do Nothing But Bog Down The Proceedings.

The notice does not require a statement allowing opt-ins to obtain their own counsel as § 216(b) allows for litigating for and on behalf of all opt-in plaintiffs. *Kelly v. Bluegreen Corp.*, 256 F.R.D. 626, 631-32 (W.D. Wis. 2009) (allowing language that individuals "are free to take action on [their] own" instead of opting into the suit). Any other statement would confuse the issues and would make it seem like an opt-in would have to find representation if they wished to

join. Furthermore, Plaintiffs' counsel does represent each individual who has opted in thus far. Such a statement provides no additional information to the potential opt-ins and is unnecessary. In section 7 of the proposed notice, Plaintiffs' proposed notice already states that individuals are "free to file [their] own lawsuit, either on [their] own behalf or through an attorney of their choice." CMSC concerns have already been addressed.

### D. Posted Notice in CMSC's Plant Is Necessary To Ensure Each Employee is Aware of Their Rights.

Plaintiffs' concern is that CMSC's records may not be accurate as to both current and former employees' addresses. However, at this time, Plaintiffs are willing to temporarily forgo posting notice in plant. However, Plaintiffs respectfully request permission to bring this before the Court should it become apparent that mail notice does not actually notify the putative class members of their rights.

### E. An Opt-in Period of At Least 60 Days Is Necessary.

Other courts have allowed an opt-in period of sixty (60) plus days. *Kelly*, 256 F.R.D. at 633 (70+ days). Plaintiffs reasoning for requesting a lengthier period is that notices often are returned undeliverable by the post office. To ensure that every employee possible receives notification of the collective action and their rights, Plaintiffs counsel will attempt to locate a current address for these individuals whose notice comes back with a bad address. Forty-five days is simply not long enough to cycle through this process.

### F. Telephone Numbers and Social Security Numbers Are Necessary.

For the same reason that at least sixty (60) days is necessary, Plaintiffs request the telephone number and social security numbers of the putative class members so that Plaintiffs' counsel can locate individuals whose notice comes back undeliverable. The states Ethics Rules

provide boundaries should alive CMSC's concerns – the information will remain confidential and Plaintiffs' counsel cannot use the information for purposes of in-person solicitation.

## CONCLUSION

At this preliminary stage, Plaintiffs have produced a factual basis from which this Court should determine that similarly situated plaintiffs exist. Therefore, for the reasoning stated above and in Plaintiff moving papers, Plaintiffs respectfully request the Court follow the well established precedent from the United State Supreme Court, as well as recent district court cases from this Circuit and around the country, and 1) appoint counsel of record as Collective Action Counsel; 2) appoint the form and content of the Notice of Collective Action; and 3) require Cargill Meat Solutions, Corp. to provide Collective Action Counsel a list of all person known to Cargill Meat Solutions, Corp. to meet the above definition, including their name, address, phone number, and their social security number in the format requested by Plaintiffs' counsel; and 4) permit the putative Collective Action Class members 90 days from the mailing of Notice to file their consent to join.

Respectfully submitted this 12th day of May, 2010.

**CROSS LAW FIRM, S.C.**
**Attorneys for Plaintiffs**

By: **s/LARRY JOHNSON**
Larry A. Johnson
Noah Reinstein
Nola J. Hitchcock Cross

Cross Law Firm, S.C.
The Lawyers Building
845 N. 11th Street
Milwaukee, WI 53233
(414) 224-0000
ljohnson@crosslawfirm.com