# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WILLIE H. WILLIAMS, et al.,**
        **Plaintiffs,**

    v.                                                                    Case No. 09C1006

**CARGILL MEAT SOLUTIONS CORP.,**
        **Defendant.**

## DECISION AND ORDER

Plaintiffs Willie H. Williams and Julio Sandaval bring this action on behalf of themselves and others similarly situated, alleging that defendant Cargill Meat Solutions Corp., their former employer, violated the Fair Labor Standards Act ("FSLA"), 29 U.S.C. § 201 et seq., by failing to compensate them for work performed before and after their scheduled shifts and during their unpaid meal breaks. Plaintiffs also bring a supplemental state law claim alleging that defendant failed to comply with Wisconsin's Wage Payment & Collection Laws. Pursuant to 29 U.S.C. § 216(b), plaintiffs now move for conditional certification of a collective class and approval of a proposed notice to class members.

## I. BACKGROUND

Plaintiffs worked at defendant's Milwaukee meat packing plant, at which employees slaughtered cattle and processed beef for sale to distributors and retailers. Plaintiffs were among more than five-hundred production line employees who worked in the harvest and fabrication areas of the plant, in which cattle are killed, dressed and processed into cuts of meat. Employees on the "kill floor" use various cutting instruments and wear personal

protective equipment ("PPE") such as mesh aprons, sleeves and gloves to protect themselves from injury.

CMSC pays production line employees based on a modified "gang time" method,[1] according to which employees are paid only for time spent on the production line processing meat. However, production line employees spend about ten to twenty minutes a day donning, doffing, and cleaning their PPE, which time, until April 2009, was entirely uncompensated. In April 2009, defendant apparently agreed to pay employees for some of this time. However, plaintiffs allege that both before and after April 2009, defendant did not pay them for all of it.

Many employees at the Milwaukee plant do not work on the production line and are not paid based on modified gang time.

## II. CONDITIONAL CERTIFICATION

As stated, pursuant to § 216(b), plaintiffs seek conditional certification of a collective action, i.e., "an action . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."[2] Plaintiffs seek to recover on behalf of "all persons who are or have been employed by CMSC at CMSC's Milwaukee facility as a non-exempt employee employed at any time since October 23, 2006 and who was required to use or wear personal protective equipment." (Pl.'s Mot. for Conditional Certification.)

---

[1]Gang time commences when the first animal crosses an employee's workstation and ends when the employee clocks out.

[2]Unlike a class action under Fed. R. Civ. P. 23, in a collective action under § 216(b), a potential class member must "opt in" to the class by filing a written consent to join the action. <u>Woods v. N.Y. Life Ins. Co.</u>, 686 F.2d 578, 579-80 (7th Cir. 1982).

2

Section 216(b) does not define "similarly situated." However, district courts have wide discretion to manage collective actions because the FLSA does not detail specific procedures for granting collective action notices. Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 170-74 (1989). Courts generally use a two-step approach to determine whether a plaintiff is similarly situated to potential class members. Austin v. CUNA Mut. Ins. Soc., 232 F.R.D. 601, 605 (W.D. Wis. 2006) (collecting cases). First, the court determines whether plaintiffs have demonstrated a reasonable basis for believing that they are similarly situated to potential class members. Id. If plaintiffs satisfy this burden, the court will authorize them to send notice to potential class members. Id. The second step typically occurs after discovery, when the defendant asks the court to determine whether the opt-ins are in fact similarly situated. Id. At the first stage, a plaintiff need only show that he and potential class members are victims of a common, unlawful policy or practice. Id. at 605-6.

In the present case, plaintiffs satisfy this burden with respect to potential class members who work on the production line. As stated, defendant pays all such employees according to a common policy based on gang time. See Martinez v. Cargill Meat Solutions, 265 F.R.D. 490, 498-9 (D. Neb. 2009). However, plaintiffs fail to establish that they are situated similarly to non-production line employees. Defendant does not pay such employees based on gang time. Nor do plaintiffs show that they are similarly situated to them in other ways. Therefore, I will redefine the proposed class to include only those employees who were compensated based on a modified gang time method.

### III. NOTICE

Plaintiffs propose a form of notice, to which defendant interposes a number of objections. First, although the notice states that defendant denies that potential class members are "entitled to any compensation in this lawsuit," defendant argues that it should include a list of possible defenses. I disagree. The language adequately conveys the notion that plaintiff may not prevail. See Austin, 232 F.R.D. at 608. Second, defendant contends that the notice should inform potential plaintiffs of the negative consequences of opting in, such as having to participate in discovery and possibly being liable for defendant's costs. Again, I disagree. Courts should not permit notice to chill participation in a collection action. See Id. at 608; Herrera v. Unified Mgmt. Corp., No. 99-C-5004, 2000 U.S. Dist LEXIS 12406, at *6-7 (N.D. Ill. Aug. 18, 2000). Third, defendant contends that the notice does not adequately explain that potential plaintiffs may engage their own counsel. However, the notice adequately discusses a number of rights including this one.

As to defendant's fourth objection, plaintiffs have agreed not to post the notice in the plant. However, if mailing proves to be an inadequate means of providing notice, plaintiffs may raise the issue again. Fifth, defendant argues that a forty-five day rather than a sixty day opt-in period from the date of mailing is sufficient. I agree. See DeKeyser v. Thyssenkrupp Waupaca, Inc., No. 08-C-488, 2008 U.S. Dist. LEXIS 102318, at *18 (E.D. Wis. Dec 18, 2008). Finally, defendant contends that it should not have to provide plaintiffs with employee social security and telephone numbers. I am presently unaware of any reason why plaintiffs need this information. Therefore, I will not require defendant to provide it.

4

## IV. CONCLUSION

**THEREFORE IT IS ORDERED**, that counsel of record for plaintiffs is appointed as class counsel.

**IT IS FURTHER ORDERED** that within fourteen (14) days of the date of this order defendant will provide plaintiffs with the names and addresses of all persons employed as production line employees since October 23, 2006 at the Milwaukee meat packing plant and who were paid based on a modified gang time method.

**IT IS ALSO ORDERED** that plaintiffs are authorized to give notice of this lawsuit to all such persons. Such notice may be sent via first class mail and may also appear in newspapers.

Dated at Milwaukee, Wisconsin, this 30 day of June, 2010.

/s_____
LYNN ADELMAN
District Judge